# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

SARAH URANSKY, Respondent, v. THE DRY DOCK, EAST
BROADWAY AND BATTERY RAILROAD COMPANY,
Appellant.

*Damages — right of a married woman to recover the damages sustained in her
separate business by a personal injury — cross-examination — right of the witness
to explain an answer given therein, by stating the reasons given by her doctor for
refusing to be a witness — admissibility of the testimony of a non-professional wit-
ness as to complaints of pains and suffering made by the plaintiff.*

Appeal from a judgment in favor of the plaintiff, entered upon
the verdict of a jury and from an order denying a motion for a
new trial, made upon the minutes of the justice before whom the
action was tried.

The action was brought to recover damages for personal injuries
alleged to have been occasioned by the defendants' negligence.

Judge Brady, delivering the opinion of the court at General
Term, said : " The plaintiff, who is a married woman, was injured
while a passenger on the defendants' road, and the jury, properly
instructed, found that her injuries resulted from the carelessness of
the defendants, driver, and awarded her damages. The defendants
sought to relieve themselves from responsibility by proving that
the accident was caused by a wagon or truck, which was backed
down upon their track and under circumstances which could neither
be anticipated nor their result avoided. The defendants' car was,
as they allege, arrested in its progress by other vehicles, and had
stopped until an opening presenting itself, and giving abundance
of room to proceed, it was set in motion. This had hardly occurred,
however, when a wagon or truck which had been an obstacle to its
progress, and which had moved out of the way, backed very unex-
pectedly on the track and caused the collision by which the plaintiff

was injured. It was not questioned on the trial that, if the plaintiff's injuries were occasioned by the carelessness of the driver of the wagon or truck, the plaintiff could not recover; but whether such were the fact or not, was a question clearly submitted to the jury on conflicting evidence and under proper instructions on the subject. The defendants complain of many errors which were urged on the argument, as reasons why there should be a new trial and by which they insist injustice was done them. Some of these are of sufficient import to demand particular attention. The plaintiff was permitted to show how much she could earn as a dressmaker, against the defendants' objection, which was predicated of the case of *Filer* v. *The New York Central Railroad Company* (49 N. Y., 56). The plaintiff, however, met the demands of that adjudication by stating that *her* business was that of a dressmaker, and that she had a fancy store for dry goods and fancy goods and wrappers, and she had alleged in her complaint that she was prevented from attending to her business. This was sufficient to authorize her to give evidence of and to establish her right to damages for such losses. The case referred to does not question the right of a woman to recover for damages arising from a loss of business. It is only when she does not carry on business on her own account that she cannot recover for them, inasmuch as her husband is then entitled to her services and may maintain an action for the loss of them.

"During the cross-examination of the plaintiff, she was asked whether a Dr. Messener, who had visited her in her illness, had been subpœnaed as a witness on her behalf, and answered, 'No, sir; he told me he would not go.' On the redirect she was asked whether the doctor told her why he would not come, and what he said. She was allowed to answer, against the objection of the defendant's counsel. Her answer is as follows: A. He says: 'Mrs. Uransky, I have all my friends from the company, and the conductors and the drivers; if I should go against the company then they will throw out all those people they put on the road for me, and then every one will starve if I should go for you, and I could not do that for you;' he could not go against the company.

"The doctor was not shown to be in any way connected with the defendants, and what he said would not have been competent, unless

made so by the cross-examination. This seems to have been the conclusion here, for the question was asked, as we have seen, whether the doctor had been subpœnaed, and presumably if he had not for the reason that he could not benefit the plaintiff, and might injure her case. This was an argument that might be employed, and ingeniously, and therefore the right to show why he would not come seemed to have arisen as the result of the cross-examination. The effect of unfortunate questions is often damaging, and this is another to be added to the long list which already exists.

On the fourth day after the accident the plaintiff, who had been continuously ill, was visited by an acquaintance who was a nurse, though not a professional, and she was permitted to state that the plaintiff complained of a pain in her back and body, thus corroborating the statement of plaintiff that she had such pains, and this is complained of not because it might not be proper if the statement had been made at the time the injuries were received, but because too long a time had elapsed since that occurrence. The case of *Hagenlocher* v. *Coney Island Railroad Company* (99 N. Y., 136) contains the latest expression on the propriety of such evidence, but does not favor the proposition that pains felt a few days after an injury, and which were intermittent, if not continuous from the time of the injury were not to be considered by the jury in estimating the damages to be given in compensation. It is too late now to question the right of an injured person to indemnity for suffering caused by the injury, even down to the time of the trial. Whether, however, the pains are the result of it, or feigned, as suggested in the case just cited, is for the jury to determine." * * *

The question last discussed was also considered by Judge DANIELS in an opinion, of which the following is a copy :

"During the trial of this action, which was for a personal injury, the witness Mary A. Fielder was allowed to relate a conversation had with the plaintiff on the 26th of April, 1885, four days after the occurrence of the accident. By the evidence proposed to be given, it was intended to prove complaints which the plaintiff made to this witness, who was not a physician, and which were not made to secure medical or surgical assistance concerning her injury and sufferings. This was objected to as incompetent. The objection was overruled, and the defendant's counsel excepted, and

under this ruling the witness testified in answer to questions propounded to her as follows : Q. Did she complain to you at that time of any pain ? A. Yes, sir. Q. State what she said ? A. She said that she was in pain, was hurt and cut. She said she had a terrible pain on the right side of the lower part of her stomach. Q. State what she said about pains ? A. In her back she was in terrible pain, and her head."

Under the rule of evidence, as it was formerly held and applied, this testimony could have been legally received upon the trial, for this rule permitted complaints of pain and suffering to be proved in behalf of the plaintiff's case, although they may have been made in the course of conversations with a person not applied to for either medical or surgical assistance. (1 Greenl. on Ev. [7th ed.], § 102; *Caldwell* v. *Murphy*, 1 Kern., 416; *Matteson* v. *N. Y. Central, etc.*, 35 N. Y., 487; *Insurance Co.* v. *Mosly*, 8 Wall., 397.) But in the case of *Reed* v. *New York Central, etc.* (45 N. Y., 574), it was held by Judge ALLEN, who delivered the opinion of the court, that statements and declarations of this description were no longer entitled to be received in evidence, when not made to a physician or surgeon, because of the competency of the party injured to take the stand and testify, as a witness, concerning the facts. But this opinion, as broadly as it was written, was concurred in only by Judges GROVER and RAPALLO. Judge FOLGER agreed to the result, and the two other judges in the court dissented. While this decision, therefore, indicates a strong disposition to abrogate this preceding rule of evidence, it is not entitled to be attended with this effect, for a majority of the court were unwilling to consent to this result. The case of *Hagenlocher* v. *Coney Island, etc., Railroad Company* (99 N. Y., 136), does not include, or consider this precise point, and for that reason it is not an authority on this subject. Under the rules stated and followed in *Waldele* v. *New York Central, etc.* (95 N. Y., 274), this evidence was no part of the *res gestœ*, and it was not entitled to be received under that authority, or the case of *Powers* v. *Village of West Troy* (25 Hun, 561).

The safe course, in view of what was said in the case of *Reed* v. *New York Central*, would be to reject all such evidence, but as the preceding rule relating to it cannot yet be said to have been

overthrown by the opinion there announced and concurred in by two of the other judges of the court, and it has the support of other cases, decided in the same court, since the provision went into effect allowing the party to be sworn as a witness in his or her own behalf, it should not now be held to have been error for the court to receive this testimony on this occasion.   This is all that it is considered necessary to add to the opinion of Mr. Justice Brady, and the judgment in the action, as well as the order denying a new trial, should be affirmed.   In which Chief Justice Van Brunt concurred.

*J. M. Scribner*, for the appellant.

*Louis Z. Kinstler* and *J S. Lehmaier*, for the respondent.

Opinions by Brady and Daniels, JJ.; Van Brunt, P. J., concurring in the latter.

Judgment and order affirmed, with costs.